IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEROME SULLINS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 19-153-RGA |
| PERRY PHELPS, et al., | : |
| Defendants. | : |

Jerome Sullins, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 14, 2019
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Jerome Sullins, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court screens and reviews the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## BACKGROUND

As has been widely reported, in early February 2017, there was a prison uprising in the C-Building at the JTVCC that resulted in the death of correctional officer Lt. Steven Floyd. The Complaint attempts to raise claims for actions that occurred following the February 2017 uprising. It contains three counts.

Count I alleges all Defendants violated Plaintiff's right to be free from cruel and unusual punishment when they conspired and participated with intent to permit the brutalization of Plaintiff, knowing he would be injured by the actions of "the trooper," CERT (*i.e.*, Correction Emergency Response Team), and correctional officers. (D.I. 3 at ¶ 12). Count I further alleges that Defendants "approved of the illegal corporal punishment [of Plaintiff,] who had nothing [to do] with [the] February 1, 2017 incident." (*Id.*). Count II alleges Defendants conspired to deprive Plaintiff of his constitutional rights when they agreed among themselves to protect each other from liability "by permitting correctional staff [to] wear mask[s], deny Plaintiff needed medical attention as

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

1

[a] result of the beating and deny Plaintiff food." (*Id.* at ¶¶ 13-14). Count III alleges that Defendants JTVCC Warden Dana Metzger, Deputy Warden Phil Parker, Deputy Warden-CERT Timothy Radcliff, Staff Lt. Charles Sennett, and other Defendants in "intermediate supervisory" positions failed to exercise due care in the training, supervision, investigation, and discipline of their subordinates to prevent them from abusing Plaintiff. (*Id.* at ¶ 15).

As alleged, Plaintiff was housed in C-Building, but on the day in question he was in the infirmary receiving a flu shot. (D.I. 3 at ¶¶ 1, 10). Plaintiff alleges that he was beaten, denied food and medical attention, his property was destroyed, and he was tortured. (*Id.* at ¶ 1). Plaintiff alleges that DOC employees and agents came into SHU-18, where he was housed, and systematically tortured him although he "had nothing to do with the incident of February 1, 2017. (*Id.* at ¶ 6).

Plaintiff alleges that Defendant Perry Phelps, as the Delaware Department of Correction Commissioner, is responsible for the overall operation of the DOC, including the operation of prison facilities. (*Id.* at ¶ 7). Plaintiff alleges that his constitutional rights were violated by Metzger, Parker, Radcliff, Sennett, and Defendants "Six Masked Unknown Correctional Officers" when they permitted the masked correctional officers to torture and abuse and deny him medical care. (*Id.* at ¶ 8). He also alleges that Defendants permitted the destruction of his personal property, which had nothing to do with the February 1, 2017 incident. (*Id.* at ¶ 9). Plaintiff alleges that on March 3, 2018, he was he was strip searched, required to bark like a dog, and then kicked in the backside. (*Id.* at ¶ 11).

2

Plaintiffs seek injunctive relief, compensatory and punitive damages, and requests counsel. (*Id.* at 4)

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at U.S. 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when

3

ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**DISCUSSION**

The Court will dismiss the Complaint for failure to state a claim under the federal pleading standard. Although the Court must liberally construe the claims of Plaintiff, when asserting a cause of action pursuant to 42 U.S.C. § 1983, even a *pro se* litigant may not rely on vague and conclusory allegations. Bare allegations without sufficient facts to support them do not suffice. *See Weigher v. Prison Health Services*, 402 F. App'x 668, 671 (3d Cir. 2010).

**Excessive Force.** Count I attempts to allege excessive force. The core judicial inquiry when a prisoner alleges that prison officers used excessive force against the prisoner is not whether a certain quantum of injury was sustained, but rather whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). The Court analyzes the officer's intent and considers five factors: "'(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and 'inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of the forceful response.' The objective component of the excessive force inquiry is met when 'the inmate's injury was more than de minimis.'" *Ricks v. Shover*, 891 F.3d 468, 480 (3d Cir. 2018) (internal citations omitted).

Plaintiff's allegations fail to state a claim upon which relief may be granted. It is not clear from the allegations when the acts complained of took place, although a strip search that took place on March 3, 2018 is mentioned. (D.I. 3 at ¶ 11). It is not clear

5

who is alleged to have been present at the strip search. The allegations regarding the strip search do not rise to the level of a constitutional claim, despite the allegation that Plaintiff was "kicked in the backside." (D.I. 3 at ¶ 11). Plaintiff does not allege that he was injured as a result of those alleged actions and it is not clear if the "kick" is the "corporal punishment" complained of by Plaintiff.

**Conspiracy**. The conspiracy claim in Count II is also deficiently pled. To state a conspiracy claim under § 1983, Plaintiff must show that "persons acting under color of state law conspired to deprive him of a federally protected right." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999). In addition, there must be evidence of actions taken in concert by defendants with the specific intent to violate that right. *Williams v. Fedor*, 69 F. Supp. 2d 649, 665-66 (M.D. Pa.), *aff'd*, 211 F.3d 1263 (3d Cir. 2000) (citing *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999)).

A § 1983 conspiracy claim only arises, however, when there has been an actual deprivation of a right. *Andree v. Ashland Cty.*, 818 F.2d 1306, 1311 (7th Cir. 1987); *see also Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990) (recognizing that deprivation of a right was a necessary predicate to § 1983 conspiracy liability). *Accord Perano v. Township of Tilden*, 423 F. App'x 234 (3d Cir. 2011). As pled, the Complaint does not state a claim that any Defendant actually deprived Plaintiff of a federally protected right and, therefore, Plaintiff fails to state a § 1983 conspiracy claim. To the extent the supervisors are Defendants, Plaintiff provides no factual allegations (as opposed to conclusory statements) as a basis for naming them as Defendants in this Count.

6

**Failure to Train, Supervise, Investigate, and Discipline.** Count III alleges failure to train, supervise, investigate and discipline. "Under Section 1983, a supervisor may be liable for her failure to train or supervise [his] employees...." *Whitfield v. City of Philadelphia*, 587 F. Supp. 2d 657, 666 (E.D. Pa. 2008). To state a claim under § 1983 for failure to train, a complaint must allege that the supervisor's failure to train employees amounts to "'deliberate indifference to the rights of persons with whom the [untrained employees] c[a]me into contact.'" *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (first alteration in original) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)). To prevail, the plaintiff must "identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997). Here, Count III consists of labels and conclusions without sufficient (or even close to sufficient) allegations to state a plausible claim.

**Personal Property.** Finally, Plaintiff seems to attempt to raise a claim for destruction of his personal property. A prisoner's due process claim based on random and unauthorized deprivation of property by a state actor is not actionable under § 1983, whether the deprivation is negligent or intentional, unless there is no adequate post-deprivation remedy available. *See Parratt v. Taylor*, 451 U.S. 527, 542 (1981), *overruled on other grounds by*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Plaintiff has available to him the option of filing a common law claim for conversion of property. Inasmuch as Delaware law provides an adequate remedy for plaintiff, he cannot maintain a cause of action for destruction of his property pursuant to

7

§ 1983. *See Hudson*, 468 U.S. at 535; *Nicholson v. Carroll*, 390 F. Supp. 2d 429, 435 (D. Del. 2005); *Acierno v. Preit-Rubin, Inc.*, 199 F.R.D. 157 (D. Del. 2001).

As pled, the Complaint fails to state actionable constitutional claims. Therefore, the Complaint will be dismissed for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, since it appears plausible that Plaintiff may be able to articulate a § 1983 claim against some Defendants, he will be given an opportunity to amend his pleading.

Plaintiff requests counsel in his prayer for relief. The request will be denied without prejudice to renew upon the filing of a motion that supports a request for counsel.

## CONCLUSION

For the above reasons, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff will be given leave to file an amended complaint. Plaintiff's request for counsel will be denied without prejudice to renew.

An appropriate Order will be entered.