IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEROME SULLINS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 19-153-RGA |
| PERRY PHELPS, et al., | : |
| Defendants. | : |

Jerome Sullins, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

February 4, 2020
Wilmington, Delaware

*[signature: Richard G. Andrews]*
**ANDREWS, U.S. District Judge:**

Plaintiff Jerome Sullins, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). I dismissed the original complaint and gave Plaintiff leave to amend. (D.I. 7 & 8). The Amended Complaint (D.I. 18), filed November 18, 2019, is screened and reviewed under to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

**BACKGROUND**

The Amended Complaint alleges that on March 3, 2019, Department of Correction officers, including the Correctional Emergency Response Team ("CERT") came onto Plaintiff's SHU-18 housing unit, forced Plaintiff to disrobe, and searched him. (D.I. 18 at 1). Plaintiff alleges that when the CERT members burst into his cell, they crushed him, caused him to hit his head on the cell wall, stepped on his hands, and jammed his finger. (*Id.* at 3). He also alleges that all of the property in his cell, including legal documents, was destroyed. (*Id.*). Plaintiff submitted a grievance regarding the conduct of the CERT members, and he was told to send his complaint to Defendant Deputy Warden Timothy Radcliff. (*Id.* at 4). Plaintiff did, but Radcliff did not respond to the grievance. (*Id.*).

Plaintiff sues Defendants former DOC Commissioners Robert Coupe and Perry Phelps, JTVCC Warden Dana Metzger, Deputy Wardens Phil Parker and Timothy

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

1

Radcliff, and S/Lt. Charles Sennett in their supervisory positions and, with the exception of Metzger, allege they "failed to exercise due care in the training, supervision, investigation, and discipline of the other defendants who are their subordinates to prevent the abuse and misconduct" alleged. (*Id.* at 2, 4). Plaintiff also alleges the foregoing Defendants, as well as Defendants Six Masked Unknown Correctional Officers -- presumably the CERT members -- tortured and abused him, committed assault and battery, denied him medical care, intentionally inflicted emotional distress, and violated his constitutional rights under the Eighth Amendment. (*Id.* at 2-4). Finally, Plaintiff alleges Defendants "cooperated and conspire[d] to allow the brutalization. (*Id.* at 4).

Plaintiff seeks injunctive and declaratory relief as well as compensatory and punitive damages. (*Id.* at 4-5).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his

2

complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

3

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Excessive Force**. Plaintiff will be allowed to proceed on the unlawful strip search, excessive force and, assault and battery claims raised against the unknown CERT members.

As discussed below, the Amended Complaint does not state claims against the remaining Defendants. Given Plaintiff's incarceration and *pro se* status, it is very difficult or impossible for him to discover the identity of the unidentified CERT members. Therefore, in the interests of justice, the Court will direct service upon the Delaware Department of Correction to identify the Six Masked Unknown Correctional Officers or CERT members. When Plaintiff learns the identity of the unnamed Defendants, he must immediately apply to this Court for an order directing amendment of the caption and service of the Amended Complaint on them. *See Searcy v. Dallas Police Dep't*, 2001 WL 611169 (N.D. Tx. May 31, 2001).

4

**Conspiracy**. The conspiracy claim is deficiently pled. To state a conspiracy claim under § 1983, Plaintiff must show that "persons acting under color of state law conspired to deprive him of a federally protected right." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999). In addition, there must be evidence of actions taken in concert by defendants with the specific intent to violate that right. *Williams v. Fedor*, 69 F. Supp. 2d 649, 665-66 (M.D. Pa.), *aff'd*, 211 F.3d 1263 (3d Cir. 2000) (citing *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999)).

The Amended Complaint contains a single sentence alleging a conspiracy. As pled, it fails to allege Defendants acted in concert to deprive Plaintiff of his constitutional rights. The Amended Complaint alleges conspiracy in a conclusory manner and the claim will be dismissed.

**Failure to Train, Supervise, Investigate, and Discipline**. Plaintiff alleges the failure to train, supervise, investigate and discipline. "Under Section 1983, a supervisor may be liable for her failure to train or supervise [his] employees. . . ." *Whitfield v. City of Philadelphia*, 587 F. Supp. 2d 657, 666 (E.D. Pa. 2008). To state a claim under § 1983 for failure to train, a complaint must allege that the supervisor's failure to train employees amounts to "'deliberate indifference to the rights of persons with whom the untrained employees came into contact.'" *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (cleaned up). To prevail, the plaintiff must "identify a failure to provide specific training that has a causal nexus with [his] injuries and must demonstrate that the absence of that training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997). The Amended Complaint does not do this. Rather, the

5

allegations consist of labels and conclusions without sufficient allegations to state a plausible claim. The claims will be dismissed.

**Respondeat Superior**. The Amended Complaint is clear that with the exception of the unknown CERT members, the claims are brought against Defendants based upon their supervisory positions. There is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action is not responsible for a constitutional violation which he neither participated in nor approved. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Here there are no such allegations.

In addition, the Amended Complaint alleges, in a conclusory manner, that the supervisory Defendants denied Plaintiff medical care. A non-medical prison official must either actually know, or have reason to believe, that prison doctors are mistreating or not treating the prisoner to be liable for deliberate indifference. *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). The claims against the supervisory Defendants for denial of medical care are insufficient and will be dismissed.

**Grievances**. The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006). Plaintiff complains that Radcliff did not respond to his grievance. To the extent that Plaintiff bases his claim upon his dissatisfaction with the grievance procedure or denial of his grievance, the claim fails because an inmate does not have a "free-standing constitutional right to

6

an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. Aug. 18, 2011). Notably, the denial of grievance appeals does not in itself give rise to a constitutional claim as Plaintiff is free to bring a civil rights claim in District Court. *Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009). Plaintiff cannot maintain a constitutional claim based upon his perception that his grievance was not properly processed or that the grievance process is inadequate. This claim will be dismissed.

**Personal Property**. Finally, Plaintiff raises a claim for destruction of his personal property, including legal materials. A prisoner's due process claim based on random and unauthorized deprivation of property by a state actor is not actionable under § 1983, whether the deprivation is negligent or intentional, unless there is no adequate post-deprivation remedy available. *See Parratt v. Taylor*, 451 U.S. 527, 542 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Plaintiff has available to him the option of filing a common law claim for conversion of property. Inasmuch as Delaware law provides an adequate remedy for plaintiff, he cannot maintain a cause of action for destruction of his property pursuant to § 1983. *See Hudson*, 468 U.S. at 535; *Nicholson v. Carroll*, 390 F. Supp. 2d 429, 435 (D. Del. 2005); *Aciemo v. Preit-Rubin, Inc.*, 199 F.R.D. 157 (D. Del. 2001).

With regard to the alleged destruction of legal materials, "[m]any courts have found a cause of action for violation of the right of access stated where it was alleged that prison officials confiscated and/or destroyed legal materials." *Zilich v. Lucht*, 981 F.2d 694, 695 (3d Cir. 1992). However, a violation of the First Amendment right of

access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access. The actual injury requirement is a constitutional prerequisite to suit. Lewis v. Casey, 518 U.S. 343, 351 (1996); Christopher v. Harbury, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"). An actual injury is shown only where a nonfrivolous, arguable claim is lost. Christopher, 536 U.S. at 415. Plaintiff makes no such claim and, therefore, dismissal of the claim is appropriate.

**CONCLUSION**

For the above reasons, the Court will: (1) allow Plaintiff to proceed against Defendants Six Unknown Masked Correctional Officers on excessive force, assault and battery, and unlawful search strip claims; (2) provide for service upon Delaware Department of Correction to identify Defendants Six Unknown Masked Correctional Officers; and (3) dismiss all remaining Defendants and claims for failure to state a claim pursuant to U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Granting leave to amend would be futile. Plaintiff insufficiently alleged conspiracy, failure to train, and destruction of personal property once already. (D.I. 7 & 8).

An appropriate Order will be entered.